<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASMAR BEASE, | : | |
| | : | Civil Action No. 16-2829 (JMV) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| STEVEN JOHNSON *et al.*, | : | |
| | : | |
| Respondents. | : | |

APPEARANCES:

Alan Dexter Bowman, Esq.
Gateway One, Suite 105
Newark, NJ 07102
    On behalf of Petitioner

Sarah Elizabeth Ross
Deputy Attorney General
State of New Jersey
Department of Public Safety
25 Market Street, P.O. Box 085
Trenton, NJ 08625
    On behalf of Respondents

This matter comes before the Court upon Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2), and his Motion for a Stay and Abeyance. (ECF No. 7.) Petitioner states in his amended petition that he raised his ineffective assistance of counsel claim on direct review, but the state court, in its opinion, suggested that a record should be made by bringing the claim in a PCR proceeding. (ECF No. 2 at 13); s*ee State v. Bease*, 2015 WL 345841, at *7 (N.J. Super. Ct. App. Div. Jan 28, 2015) (declining to address ineffective assistance of counsel claim that relied on allegations and evidence outside the trial record).

Petitioner alleged his trial counsel failed to disclose a conflict of interest where he had represented Petitioner's co-defendant in an unrelated criminal matter. *Bease*, 2015 WL 345841, at *7.

Petitioner seeks a stay and abeyance of his amended habeas petition while he exhausts his ineffective assistance of counsel claim(s) in the state courts. The stay and abeyance is necessary because his federal habeas petition was required to be filed on or before May 22, 2016, but his state court PCR motion is not required to be filed until May 24, 2017. (ECF No. 7 at 6.) Petitioner did not file his PCR motion sooner because he was uncertain that all of his grounds for relief had been identified or developed, and he might be precluded from bringing additional claims in a second PCR proceeding if he proceeded on his one identified ineffective assistance of counsel claim. (ECF No. 7 at 7.) Respondents do not object to Petitioner's request for a stay and abeyance. (ECF No. 8.)

A district court cannot consider a mixed habeas petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding a district court must dismiss a § 2254 habeas petition containing exhausted and unexhausted claims). Rather than dismissing a mixed petition, a district court has discretion to stay and hold the petition in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Before granting a stay and abeyance, a district court must determine that the petitioner had good cause for failing to exhaust his claims in state court prior to bringing his habeas petition, and that his unexhausted claims are not plainly meritless. *Id.* at 277.

Petitioner, who attempted to exhaust his ineffective assistance of counsel claim on direct appeal, needs additional time to develop his claim(s) before initiating a timely state court PCR proceeding, has shown good cause for failing to exhaust his habeas claims prior to bringing his

federal habeas petition. The Court has reviewed Petitioner's unexhausted ineffective assistance of counsel claim and finds it is not plainly without merit.

**IT IS** therefore on this 10th day of March, 2017,

**ORDERED** that Petitioner's request to stay the amended habeas petition and hold it in abeyance is GRANTED; the amended habeas petition (ECF No. 2) is stayed and held in abeyance until Petitioner's unexhausted claims have been exhausted in the state courts; and it is further

**ORDERED** that the Clerk of Court shall administratively terminate this action, subject to reopening upon this Court's Order; and it is further

**ORDERED** that within 30 days of the final state court decision exhausting Petitioner's habeas claims, Petitioner shall submit a written statement to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07101, informing the Court that Petitioner has exhausted his state court remedies, and requesting the Court to reopen this 2254 habeas proceeding.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge